UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re:

**Barry Douglas,**

      Appellant/Debtor.

**Civil Action No. 10-0492 (JDB)**

(Bankruptcy Case No. 09-00491)

## MEMORANDUM OPINION AND ORDER

Barry Douglas, proceeding pro se, appeals the U.S. Bankruptcy Court's order denying his motion for an extension of time to file a notice of appeal. See In re Douglas, No. 09-00491 (Bankr. D.D.C. filed June 9, 2009) [hereinafter "Bankr."]. Although the bankruptcy court has denied several of Douglas's motions, only the narrow issue of the order denying the motion for an extension of time is before the Court [Bankr. ECF No. 118]. Upon consideration of the record, and for the reasons stated below, the Court affirms the bankruptcy court's order and dismisses this appeal.

I. Background

Douglas filed his bankruptcy petition on June 9, 2009 [Bankr. ECF No. 1]. On September 4, 2009, the bankruptcy court issued an order authorizing Western Federal Credit Union to offset $28,000 of Douglas's credit-card debt with funds from his direct-deposit account [Bankr. ECF No. 75]. Thereafter, Douglas responded with successive motions to have that order vacated, reconsidered, and clarified, all of which were denied by the bankruptcy court,[1] and none of

---

[1] See, e.g., Bankr., ECF Nos. 87, 101, 103, 109.

1

which are at issue in this appeal. On January 22, 2010—sixteen days after the order denying his motion to clarify—Douglas filed a motion for an extension of time to file a notice of appeal of that order [Bankr. ECF No. 111]. When that motion was denied [Bankr. ECF No. 118], he appealed to this Court pursuant to 28 U.S.C. § 158 (2006).

II. Standard of Review

Although this Circuit has not directly addressed the issue, other courts have reviewed a bankruptcy court's denial of a motion for an extension of time to file a notice of appeal for abuse of discretion. See, e.g., Dial Nat'l Bank v. Van Houweling (In re Van Houweling), 258 B.R. 173, 175 (B.A.P. 8th Cir. 2001); Allied Domecq Retailing USA v. Schultz (In re Schultz), 254 B.R. 149, 150 (B.A.P. 6th Cir. 2000). In this Circuit, courts have reviewed other decisions where a bankruptcy court exercises discretion under an abuse of discretion standard. See Advantage HealthPlan, Inc. v. Potter (In re Greater Se. Cmty. Hosp. Found. Inc.), 586 F.3d 1, 4 (D.C. Cir. 2009) (affirming district court's review of bankruptcy court's order striking objection for abuse of discretion); Speleos v. McCarthy, 201 B.R. 325, 327 (D.D.C. 1996) (reviewing bankruptcy court's order limiting trustee's disclosure obligations for abuse of discretion). Accordingly, the Court will review the bankruptcy court's decision for abuse of discretion. The burden is on the party seeking to reverse the ruling to prove that the bankruptcy court abused its discretion by "bas[ing] its ruling on an erroneous view of the law or a clearly erroneous assessment of the facts." Johnson v. McDow (In re Johnson), 236 B.R. 510, 518 (D.D.C. 1999) (quoting Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405 (1990)).

III. Discussion

Federal Rule of Bankruptcy Procedure 8002 governs the time for filing a notice of appeal. Douglas did not file his motion for an extension of time to file a notice of appeal within

the fourteen-day period prescribed by Rule 8002(a) for filing a notice of appeal. Hence, under Rule 8002(c)(2), Douglas needed to make "a showing of excusable neglect" before the bankruptcy court could consider his motion.[2] See Van Houweling, 258 B.R. at 175.

The Supreme Court has interpreted "excusable neglect" in the context of another Federal Rule of Bankruptcy Procedure, 9006(b)(1),[3] to require an equitable determination, "taking account of all relevant circumstances." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395-96 (1993). In particular, the Supreme Court noted that relevant factors in determining "what sorts of neglect will be considered excusable" include:

> [1] the danger of prejudice to the [non-moving party],
> [2] the length of the delay and its potential impact on judicial proceedings,
> [3] the reason for the delay, including whether it was within reasonable control of the movant, and
> [4] whether the movant acted in good faith.

Id. Other courts have applied Pioneer's interpretation of "excusable neglect" to Rule 8002(c)(2). See, e.g., Van Houweling, 258 B.R. at 175; Belfance v. Black River Petroleum, Inc. (In re Hess), 209 B.R. 79, 82 (B.A.P. 6th Cir. 1997). This approach is also consistent with this Circuit's decisions applying the same interpretation of "excusable neglect" to other procedural rules incorporating that phrase. See In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1209 (D.C.

---

[2] The relevant text reads:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Fed R. Bankr. P. 8002(c)(2) (emphasis added).

[3] Rule 9006(b)(1) governs time extensions under other bankruptcy rules, but specifically excludes Rule 8002 from its operation. See Fed. R. Bankr. P. 9006(b)(3). Pioneer concerned a creditor's late filing of a proof of claim under Rule 3003. See 507 U.S. at 383-84.

Cir. 2003) (interpreting Fed. R. Civ. P. 60(b)); United States ex rel.Yesudian v. Howard Univ., 270 F.3d 969, 971 (D.C. Cir. 2001) (interpreting Fed. R. Civ. P. 6(b)).

The burden is on the moving party to allege facts establishing excusable neglect. See Van Houweling, 258 B.R. at 176-77; Casanova v. Marathon Corp., 499 F. Supp. 2d 32, 34 (D.D.C. 2007) (interpreting Fed. R. Civ. P. 6(b)). And although the overall determination of what constitutes excusable neglect is an equitable one, the policy favoring finality in litigation underlying Rule 8002(c)(2) suggests that Pioneer's analysis should be "rigorously applied" when the appellant fails to file a timely notice of appeal. In re Taylor, 217 B.R. 465, 468 (Bankr. E.D. Pa. 1998) (quoting 10 Collier on Bankruptcy ¶ 8002.10[2] at 8002-20 (15th ed. 1997)), aff'd sub nom. Taylor v. Am. Prop. Locators, Inc., 220 B.R. 854 (E.D. Pa. 1998); see also Huennekens v. Marx (In re Springfield Contracting Corp.), 156 B.R. 761, 766 (Bankr. E.D. Va. 1993) (internal quotation marks omitted) (balancing the competing policies of free right to appeal and finality in litigation in applying Pioneer standard to untimely appeal under Rule 8002). Accordingly, courts have focused on the reasons, or lack thereof, the appellant offers for the delay when determining whether there was excusable neglect. See Van Houweling, 258 B.R. at 176; Schultz, 254 B.R. at 153.

Douglas did not explicitly assert excusable neglect; however, because he is a pro se litigant, the Court "liberally construe[s]" his allegations. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Still, to ensure the "evenhanded administration of the law," the rules of procedure cannot be "interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993).  The only reasons Douglas offered to the bankruptcy court to explain the delay were "[the] recent holiday and slow mail delivery" [Bankr. ECF No. 111].  In addition, this Court has previously ordered Douglas to address the

4

issue of timeliness directly; he responded by discussing the pending presentation of his reorganization plan, which fails to explain satisfactorily the timeliness of his notice of appeal. See Order Granting in Part and Den. in Part Appellant's Mot. for Recons. 2, ECF No. 8 (June 16, 2010); Appellant's Br. 3, ECF No. 9 (June 30, 2010).

These reasons—all of which were either within Douglas's reasonable control or else are wholly irrelevant—are insufficient to establish excusable neglect.  See, e.g., Rainey v. Davenport (In re Davenport), 342 B.R. 482 (Bankr. S.D. Tex. 2006) (quoting Fox v. Am. Airlines, 389 F.3d 1291, 1294 (D.C. Cir. 2004)) (characterizing defendant's attempts to blame delay on, inter alia, mail delays as a "version of the classic 'dog ate my homework' line"); Pyramid Energy, Ltd. v. Duquoin Nat'l Bank (In re Pyramid Energy, Ltd.), 165 B.R. 249, 251-52 (Bankr. S.D. Ill. 1994) (no excusable neglect when creditor received order being appealed the week before Christmas).

The bankruptcy court also did not abuse its discretion in concluding that Douglas's appeal of the order denying his motion to clarify—even if it had been timely—would have been "pointless" [Bankr. ECF No. 118]. [4] Parties seeking relief on grounds of excusable neglect must assert a "potentially meritorious" claim. See FG Hemisphere Assocs. v. Dem. Rep. Congo, 447 F.3d  835, 842 (D.C. Cir. 2006) (interpreting Fed. R. Civ. P. 60(b)(1)). Here, Douglas is attempting to use this appeal "as a vehicle for appealing [an] earlier order as to which appeal is

---

[4] The bankruptcy court treats the request for clarification [Bankr. ECF No. 110] as a motion to alter or amend the judgment under Rule 9023, [Bankr. ECF No. 118] which prescribes a fourteen-day period when such motions must be made. Cf. Jimenez v. Pabon Rodriguez (In re Pabon Rodriguez), 233 B.R. 212, 219-20 (D.P.R. 1999) (treating motion for reconsideration as a motion to alter or amend the judgment under Rule 9023). Because the request for clarification was filed twenty-eight days after the order Douglas sought to "clarify," it was untimely. In addition, the request for clarification did not justify relief under Rule 9024, which incorporates, by way of Federal Rule of Civil Procedure 60, the "excusable neglect" standard (along with other grounds for relief not at issue here, such as newly-discovered evidence and fraud).

now time-barred" [Bankr. ECF No. 118]. [5] Such an appeal is meritless. Cf. Slinger Drainage, Inc. v. EPA, 244 F.3d 967, 968 (D.C. Cir. 2001) (dismissing petition for rehearing as "meritless" when appellant's previous notice of appeal had been dismissed as untimely); Murray v. District of Columbia, 52 F.3d 353, 356 (D.C. Cir. 1995) (refusing to "indulge the ruse" of appellant using appeal from denial of second motion for reconsideration to untimely appeal the denial of the first such motion).

In addition, Douglas's repetitive motions have already sapped the "limited resources" of the judicial system. The bankruptcy court had to issue so many orders addressing the same arguments that it was forced to enjoin Douglas from filing further motions without leave from the court [Bankr. ECF No. 109]. See In re Sindram, 498 U.S. 177, 179-80 (1991) (per curiam) (denying petitioner in forma pauperis status because he raised "the same arguments in an unending series of filings."). Although "the length of the delay" may have been slight and the "danger of prejudice to the [non-moving party]" low, Douglas's repetitive motions meant "the potential impact on the judicial process" was disproportionately great, whether or not he "acted in good faith." Pioneer, 507 U.S. at 395-96; see also Springfield Contracting, 156 B.R. at 767-68 (no excusable neglect when reason for delay was within reasonable control of moving party, despite minimal prejudice to the nonmoving party).

---

[5] Douglas's submissions to this Court suggest that, in addition to challenging the bankruptcy court's denial of extension of time, Douglas also seeks to challenge the September 4, 2009 order allowing the $28,000 setoff [Banrk. ECF No. 75]. See, e.g., Appellant's Br. 5-9, ECF No. 9. This Court would likely lack jurisdiction over such an untimely appeal. The D.C. Circuit has not addressed the issue, but other courts have held that an untimely appeal under Federal Rule of Bankruptcy Procedure 8002 is a defect of subject-matter jurisdiction that bars appellate review. See e.g., Emann v. Latture (In re Latture), 605 F.3d 830, 836-37 (10th Cir. 2010); In re Caterbone, 640 F.3d 108, 111-113 (3d Cir. 2011); see also Coleman v. Country Wide Home Loans, Inc. (In re Coleman), 429 B.R. 387, 390-92 (D.D.C. 2010) (collecting cases).

Nothing in the record suggests that the bankruptcy court "based its ruling on an erroneous view of the law or a clearly erroneous assessment of the facts." Johnson, 236 B.R. at 518 (quotations omitted). Because the bankruptcy court did not abuse its discretion in denying Appellant's motion for an extension of time to file a notice of appeal, it is hereby **ORDERED** that the decision of the bankruptcy court is **AFFIRMED**, and it is further ordered that the appeal is **DISMISSED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: June 22, 2012